GROVER L. COVINGTON, Chief Judge.
Plaintiff has appealed the judgment dismissing his suit on behalf of himself and his minor son for damages sustained when the child, six years old at the time of the incident in question, ran out into the path of an oncoming car and was struck. The boy suffered a broken leg, from which he recovered without residual disability. At the time of the accident, the child had been left in the care of his brother and sisters on a merry-go-round in a shopping center while his mother attempted to load her purchases into her car.
In his concise, well-written reasons for judgment, the trial judge found the defendant-driver, Jarrett Ketchum, free from fault. The evidence indicated, and the trial judge found, that Ketchum was travelling at a very slow rate of speed (10 miles per hour or less), and that the child, despite his *784 attendant family members, darted out from between parked cars, without looking, into the path of Ketchum’s vehicle less than 3 feet from the car.
After a thorough review of the record, we affirm the judgment below for the reasons given by the trial judge, attached hereto, and assess the costs of this appeal to plaintiff.
AFFIRMED.
APPENDIX
No. 56583.
22ND JUDICIAL DISTRICT COURT PARISH OF ST. TAMMANY STATE OF LOUISIANA REASONS FOR JUDGMENT
This lawsuit arises from injuries sustained by seven year old Fernando Wallace when struck by an automobile on July 28, 1978. Wallace received a fracture of the left femur, which required a closed reduction under general anesthesia and the application of a spica cast. Just prior to the accident, Jarrett W. Ketchum, aged seventeen years, was operating a 1968 Buick Le Sabre automobile owned by his adoptive father, Tommy Barringer, in the Northside Plaza Shopping Center, Slidell, Louisiana. Young Ketchum was accompanied by a date, his younger sister, and a one year old baby. Ketchum had approached the shopping center from the west on U.S. Highway 190, and made a right turn into the shopping center area. His destination was a movie theatre situated within the shopping center. As he passed in front of the Winn-Dixie Store and T.G. & Y., his vehicle was preceded by another automobile, and two or more cars were parked in the area of the commonwall between Winn-Dixie and T.G. & Y. On the sidewalk outside and just north of the entrance to T.G. & Y. was situated a mechanical merry-go-round.
Young Fernando Wallace, his mother, and several other family members had earlier been shopping at Winn-Dixie, and were on their way to T.G. & Y. when they stopped to allow the youngsters to ride the merry-go-round. While some were riding, the mother of Fernando Wallace left him, under the supervision of another adult that was a part of their shopping group, and Fernando’s mother went to the parking lot in front of Winn-Dixie to deposit her purchases in the family automobile, with plans to return for shopping at T.G. & Y.
As Ketchum proceeded past Winn-Dixie toward the theatre, young Fernando Wallace decided to go to his mother, and he suddenly left the group at the merry-go-round and dashed between two parked automobiles and into the street, on his way to the family vehicle. His planned course of travel was interrupted when he collided with the right front of the 1968 Buick automobile operated by Jarrett W. Ket-chum.
The evidence shows that Ketchum brought his vehicle to a stop immediately after impact. He was proceeding at a safe rate of speed under the circumstances, and was maintaining a proper lookout. He first saw young Fernando Wallace as he dashed between the two cars, and at a point when young Wallace was no more than three feet from the Buick automobile. But for the slow speed of the Ketchum automobile, young Ketchum’s attention to what was going on about him, and the rapid manner in which he brought his vehicle to a halt, young Wallace would probably have been much more seriously injured.
It is also significant that the area in which the accident occurred was not designated as a pedestrian crossover area, and under the circumstances of this case, the Court finds that Jarrett W. Ketchum was free of any fault whatsoever. Accordingly, plaintiffs’ petition will be dismissed, with prejudice, as will the third party demand filed by Southern Farm Bureau Casualty Insurance Company. The plaintiffs will be cast with all costs of this proceeding.
Covington, Louisiana, this 6th day of April, 1983.
/s/ A. Clayton James A. Clayton James DISTRICT JUDGE